IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                   Case Nos.:   3:07cr110/LAC/EMT
                                                 3:16cv182/LAC/EMT

JAMES EDWARD SMITH, III

---

## REPORT AND RECOMMENDATION

Defendant James Edward Smith, III, has filed an Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 46).   This case was stayed pending a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (*see* ECF Nos. 52, 53, 57).   Following issuance of the *Beckles* decision, the Government filed a response in opposition to Defendant's motion (ECF No. 58). Defendant did not file a reply.   After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's motion should be denied and dismissed as untimely.

## BACKGROUND and ANALYSIS

In November of 2007, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and

846 (ECF No. 27). The court determined that Defendant was eligible for a sentencing enhancement as a career offender under United States Sentencing Guideline § 4B1.1(a) after adopting the findings of the Presentence Investigation Report ("PSR"), which included at least two prior felony convictions for a crime of violence or controlled substance offense, including a 2000 conviction for sale/delivery of cocaine and a 2003 conviction for battery by a person detained in a prison or jail facility (*see* ECF No. 47, PSR ¶¶ 29, 37, 43). The PSR calculated a Guideline range of 262 to 327 months' imprisonment based on a total offense level of 34 and a criminal history category of VI (ECF No. 47, PSR ¶ 71). On January 25, 2008, the court sentenced Defendant to 294 months' imprisonment, to run concurrently with sentences imposed in three State of Florida cases, followed by ten years of supervised release (ECF Nos. 33, 34). Defendant did not file an appeal.[1]

Because Defendant did not appeal, his judgment of conviction became final on the date on which his time for doing so expired, fourteen days from the entry of judgment in this case. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *see*

---

[1] In May of 2009, Defendant filed a motion for reduction of sentence under Fed. R. Crim. P. 35(B)(C), which was denied (ECF Nos. 37, 40). In November of 2014, Defendant filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence under Amendment 750 of the United States Sentencing Guidelines and *Descamps v. United States*, 133 S. Ct. 2276 (2013), which is pending (ECF No. 42).

Case Nos.: 3:07cr110/LAC/EMT; 3:16cv182/LAC/EMT

*Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Ramirez v. United States*, 146 F. App'x 325 (11th Cir. 2005). Defendant's judgment of conviction thus became final on February 8, 2008, and to have been timely filed his § 2255 motion had to be filed no later than one year from that date, or by February 9, 2009. Therefore, Defendant's motion dated May 9, 2016, and received by the clerk on May 13, 2016, is facially untimely.[2]

In the first ground of his motion, Defendant raises a claim that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), should apply to invalidate the residual clause of the Sentencing Guidelines and, correspondingly, render his career offender designation invalid (ECF No. at 46 at 4).[3] The court will

---

[2] Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

[3] Defendant raises two additional claims in his motion: (1) that he did not enter his plea knowingly, voluntarily, and intelligently; and (2) that he was prejudiced by his erroneous classification as a career criminal because he was foreclosed from obtaining relief under

Case Nos.: 3:07cr110/LAC/EMT; 3:16cv182/LAC/EMT

address Defendant's motion to the extent necessary to explain why *Johnson* does not make his motion timely.

In *Johnson*, the Supreme Court ruled that the Armed Career Criminal Act's ("ACCA") "residual clause" was unconstitutionally vague. Under the ACCA, a person who has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives [*known as the enumerated offenses clause*] or otherwise involves conduct that presents a serious potential risk of physical injury to another [*known as the residual clause*]." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. After *Johnson*, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. Additionally, the Supreme Court has held that *Johnson* announced a new substantive rule that applies

Amendment 782 of the Guidelines (ECF No. 46 at 5, 7).

Case Nos.: 3:07cr110/LAC/EMT; 3:16cv182/LAC/EMT

retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016). Defendant alleges that his motion is timely under *Welch* (ECF No. 46 at 12).

The premise of Defendant's argument is that the reasoning in *Johnson*, which invalidated the ACCA's residual clause on vagueness grounds, should extend to and invalidate the residual clause of the advisory Guidelines' definition of a "crime of violence." *See* U.S.S.G. § 4B1.2(a). The Government responds correctly that Defendant's argument is foreclosed by the Supreme Court's recent decision in *Beckles*, *supra*, in which the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause because they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range (*see* ECF No. 58 at 5–6 (citing *Beckles*, 137 S. Ct. at 892)). The ACCA's residual clause, on the other hand, fixed in an impermissibly vague way a higher range of sentences for certain defendants which implicated "the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Beckles*, 137 S. Ct. at 894. *See also United States v. Matchett*, 802 F.3d 1185, 1194-96 (11th Cir. 2015) (holding that the Sentencing Guidelines cannot be challenged as unconstitutionally vague).

Case Nos.: 3:07cr110/LAC/EMT; 3:16cv182/LAC/EMT

# CONCLUSION

Because Defendant's conviction became final years ago and *Johnson* does not apply to his career offender sentence, his motion is untimely under § 2255(f)(1) and should be dismissed.

# CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that

Case Nos.: 3:07cr110/LAC/EMT; 3:16cv182/LAC/EMT

party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      Defendant's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 46) be **DENIED** to the extent he seeks relief based on the Supreme Court's decision in *Johnson* and otherwise **DISMISSED as untimely**.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 7<u>th</u> day of September 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.


Case Nos.: 3:07cr110/LAC/EMT; 3:16cv182/LAC/EMT