IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                                                                  Case No.: 3:07cr110/LAC

JAMES EDWARD SMITH III,
_____/

**ORDER**

This matter is before the Court on Defendant James Edward Smith III's motion for a reduction in sentence under the First Step Act of 2018 (FSA) (Docs. 69). The Government has filed a response (Doc. 71). Having fully considered the applicable law and the parties' arguments, the Court rules as follows.

I.      BACKGROUND

On November 6, 2007, Defendant pleaded guilty to conspiracy to distribute 50 grams or more of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(l) and (b)(l)(A)(iii). After the Government filed a notice of enhancement, Defendant faced a mandatory minimum term of 20 years to Life imprisonment and at least 10 years of supervised release. Defendant was determined

to be a Career Offender under the sentencing guidelines, which resulted in an imprisonment range of 262 to 327 months.

On January 22, 2008, the Court sentenced Defendant to 294 months imprisonment and 10 years of supervised release. During sentencing, Defendant was held accountable for 240.1 grams of cocaine base. According to the Bureau of Prisons, Defendant's projected release date is December 17, 2028.

II. DISCUSSION

With the passage of the Fair Sentencing Act (FSA of 2010) in 2010, the statutory penalties for offenses involving cocaine base, or crack cocaine, were lowered – by raising the required drug weights necessary for imposing enhanced penalties on offenders. FSA of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372. The statute aimed to reduce the disparity between the quantities of crack cocaine and those of cocaine powder that were required to trigger the statutory penalties prescribed by 21 U.S.C. §§ 841(b)(1) and 960(b). *Id.* § 2. Section 2 of the FSA of 2010 changed the quantity of crack cocaine necessary to trigger a 5-year mandatory minimum, under 21 U.S.C. § 841(b)(1)(B)(iii), from 5 grams to 28 grams and the amount necessary to trigger a 10-year mandatory minimum, under 21 U.S.C. § 841(b)(1)(A)(iii), from 50

grams to 280 grams.  *Id.*  While the FSA of 2010 was not retroactive, the First Step Act changed that, stating that the FSA of 2010 could, in the court's discretion, be retroactively applied to defendants who committed their offenses before August 3, 2010.  First Step Act, Pub. L. No. 115-391, § 404.  In such a situation, the court is authorized to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *Id.* § 404(b); *see also United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020).

The FSA plainly provides that a covered drug offense under the statute is one in which "the statutory penalties . . . were modified by section 2 or 3 of the Fair Sentencing Act of 2010."  *Id.* § 404(a); *see also Jones*, 962 F.3d at 1298.  Thus, the court's initial determination is simply whether the defendant was sentenced pursuant to the higher penalty provisions of 21 U.S.C. §§ 841(b)(1)(A)(iii) or (B)(iii).  *Jones*, 962 F.3d at 1298.  Beyond that, the court may consider the actual quantity of crack cocaine that was involved in the offense when determining whether it should exercise its discretion to reduce the defendant's sentence under the FSA.  *Id.* at 1301, 1304.  Also informing that discretion are the revised statutory ranges under the FSA, the Sentencing Guidelines, and the sentencing factors set out in 18 U.S.C. § 3553(a).  *Id.*; *see also United States v.*

*Beamus*, 943 F.3d 789, 792 (6th Cir. 2019); *United States v. Boulding*, 379 F. Supp. 2d 646, 654 (W.D. Mich. 2019).

Since Defendant was sentenced under §§ 841(b)(1)(A)(iii), a sentencing provision affected by the FSA, his offense is a covered offense, rendering him eligible for consideration for a sentence reduction. The FSA would have the court now consider Defendant's sentence in light of the increase in the statutory threshold from 50 grams to 280 grams, and as the Government acknowledges, even the amount of cocaine base that was attributed to Defendant at sentencing, 240.1 grams, would not meet the current threshold. As provided in a memorandum submitted by the Probation Office, Defendant's statutory minimum prison term would reduce to 10 years and his term of supervised release would reduce to 8 years. The Probation Office also notes that Defendant's status as a career offender would result in no change to his guideline imprisonment range of 262 to 327.

Defendant asserts that a previous conviction that was used for the notice of enhancement against him would no longer qualify as a "serious" drug felony as is now required for enhancement purposes under Section 401 of the FSA. However, as Defendant acknowledges, the amendments in Section 401 are not retroactive. *See United States v. Wiseman*, 932 F.3d 411, 416-17 (6th Cir. 2019); *United States v.*

*Shipton*, 793 F. App'x 458, 459 (8th Cir. 2020). They are nonetheless factors for the Court's consideration once a defendant is deemed eligible for relief. *See United States v. Sims*, No. 19-13331, 2020 WL 4695406, at *4–5 (11th Cir. Aug. 13, 2020); *United States v. Ward*, No. 19-11353, 2020 WL 4459340, at *2–3 (11th Cir. Aug. 4, 2020); *United States v. Bullock*, No. 20-10469, 2020 WL 4436267, at *4 (11th Cir. Aug. 3, 2020). The Court further notes that in its discretion it may depart downward from the sentencing guidelines when considering a sentence reduction under the FSA. *See United States v. Bell*, --- Fed.Appx. ----, 2020 WL 4192069, at *3 (11th Cir. July 21, 2020) (citing *Jones*, 962 F.3d at 1304-05; *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020).

In light of the above, the Court finds that a sentence reduction should be provided. Also driving the court's discretion in this regard is the fact that Defendant's prison disciplinary record, while containing a few violations, has overall demonstrated compliant behavior. Defendant also earned his GED and participated in numerous self-improvement and educational programs.

Accordingly, it is **ORDERED:**

1. Defendant's motion for a reduction in sentence under the First Step Act of 2018 (Doc. 69) is **GRANTED** to the extent provided herein and is **DENIED** in all other respects.

2.  Defendant's term of imprisonment is hereby **REDUCED** to 229 months; and his term of supervised release is **REDUCED** to 8 years.

**ORDERED** on this 10th day of September, 2020.

> s/ *L.A. Collier*
> Lacey A. Collier
> Senior United States District Judge